# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CALIHAN,<br><br>          Plaintiff,<br><br>     v.<br><br>KING, et al.,<br><br>          Defendants. | 1:17-cv-00535-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 1, 11, 12)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Kenny Calihan, is a former state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 19, 2017, the Court dismissed the Complaint for failure to state any cognizable claims, and granted leave for Plaintiff to file a first amended complaint within twenty-one days.  (Doc. 11.)  More than thirty days have lapsed without Plaintiff having filed an amended complaint or other response to the Court's Order.

On November 22, 2017, an order issued for Plaintiff to show cause within twenty-one days why the action should not be dismissed for his failure to comply with the Court's order and for failure to state a claim.  (Doc. 12.)  Plaintiff was warned that the failure to comply with the Court's order would result in dismissal of this action for his failure to obey a court order, failure to prosecute, and failure to state a cognizable claim.  (*Id.*)  Plaintiff has not yet filed any

1

response.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to the order which dismissed the Complaint, there is no alternative but to dismiss the action for his failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed, with prejudice, for Plaintiff's failure to obey the Court's order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v.*

---

[1] It appears that Plaintiff has been released from custody and may have chosen to abandon this action. (*See* 11/08/2017 docket entry "Mail Returned as Undeliverable . . . Inmate Paroled 8/18/17.") Sixty-three (63) days from receipt of Plaintiff's returned mail lapsed on January 10, 2018, without Plaintiff updating his address of record in this case which further justifies dismissal. *See* L.R. 183(b).

*Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 17, 2018**         /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE